## INDEX OF STATE COURT FILINGS

- Court Docket – Printed July 18, 2022
    - Plaintiff' Original Petition – Filed June 17, 2022
    - Citation 2012 – Issued June 17, 2022
    - Citation 2012 – Issued June 17, 2022
    - Court Notice of Dismissal Hearing - Filed April 1, 2022
    - Defendant Medical Ride Transportation, LLC's Original Answer and Request for Disclosures – Filed July 18, 2022

## Case Information

CC-22-03199-E | DEMARCUS WILSON, DONESHA WILSON vs. MEDICAL RIDE TRANSPORTATION, LLC, JEFFIE LADAWN SAMS

| Case Number | Court | Judicial Officer |
|---|---|---|
| CC-22-03199-E | County Court at Law No. 5 | GREENBERG, MARK |
| File Date | Case Type | Case Status |
| 06/17/2022 | DAMAGES (COLLISION) | OPEN |

## Party

PLAINTIFF
WILSON, DEMARCUS

Address
5899 PRESTON ROAD
SUITE 203
FRISCO TX 75034

Active Attorneys ▾
Lead Attorney
MCKEY, JEREMY W
Retained

PLAINTIFF
WILSON, DONESHA

Address
5899 PRESTON ROAD, SUITE 203
SUITE 203
FRISCO TX 75034

Active Attorneys ▾
Lead Attorney
MCKEY, JEREMY W
Retained

DEFENDANT
MEDICAL RIDE TRANSPORTATION, LLC

Address
6625 S. UTICA PLACE
TULSA OK 74136

Active Attorneys ▾
Lead Attorney
STEWART, GEORGE MICHAEL
Retained

DEFENDANT
SAMS, JEFFIE LADAWN

Address
1516 E. 67TH PLACE
TULSA OK 74136

## Events and Hearings

06/17/2022 NEW CASE FILED (OCA)

06/17/2022 ORIGINAL PETITION ▾

PLAINTIFF'S ORIGINAL PETITION

06/17/2022 ISSUE CITATION ▾

CITATION 2012

CITATION 2012

  Comment
  ESERVE# 65621984

06/21/2022 CITATION (SERVICE)▾

Unserved

Anticipated Server
ATTORNEY

Anticipated Method
Comment
MEDICAL RIDE TRANSPORTATION, LLC

06/21/2022 CITATION (SERVICE)▾

Unserved

Anticipated Server
ATTORNEY

Anticipated Method
Comment
JEFFIE LADAWN SAMS

07/18/2022 ORIGINAL ANSWER - GENERAL DENIAL ▾

ORIGINAL ANSWER AND REQUEST FOR DISCLOSURES

Comment
, AND REQUEST FOR DISCLOSURES

10/03/2022 DISMISSAL HEARING ▾

1 CCL#5 Y LETTER

Judicial Officer
GREENBERG, MARK

Hearing Time
9:00 AM

FILED
6/17/2022 2:59 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Case 3:22-cv-01589-L    Document 1-3    Filed 07/21/22    Page 5 of 22    PageID 13

CC-22-03199-E

Cause No. _____

| | | |
|---|---|---|
| **DEMARCUS WILSON AND** | § | **IN THE COUNTY COURT** |
| **DONESHA WILSON** | § | |
| *Plaintiffs*, | § | |
| | § | |
| **VS.** | § | **AT LAW NO. _____** |
| | § | |
| **MEDICAL RIDE TRANSPORTATION,** | § | |
| **LLC AND JEFFIE LADAWN SAMS** | § | |
| *Defendants*. | § | **DALLAS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES **DEMARCUS WILSON AND DONESHA WILSON** (hereinafter collectively referred to as "**PLAINTIFFS**") complaining of and about **MEDICAL RIDE TRANSPORTATION, LLC AND JEFFIE LADAWN SAMS** (hereinafter collectively referred to as "**DEFENDANTS**"), and would respectfully show unto the Court the following:

## I.    DISCOVERY CONTROL PLAN LEVEL

1.1    Plaintiff intends that to conduct discovery under Discovery Level 2 because the aggregate amount of damages sought could be more then $250,000.00 but is less than $1,000,000.00.

## II.    PARTIES AND SERVICE

2.1    Plaintiff **DEMARCUS WILSON** ("*Mr. Wilson*") is an individual who resides in McKinney, Texas. The last three digits his driver's license number are 428. The last three digits of his social security number are 612.

2.2    Plaintiff **DONESHA WILSON** ("*Mrs. Wilson*") is an individual who resides in McKinney, Texas. The last three digits of *Mrs. Wilson's* social security number are 255. The last three digits of her driver's license number are 194.

2.3 Defendant **MEDICAL RIDE TRANSPORTATION, LLC ("Defendant"** or **"Medical Ride"**) is a company registered in Tulsa, Oklahoma. *Citation is requested.* Defendant may be served by due process at his registered agent located at:

Walid Ikbarieh
6625 S. Utica Place
Tulsa, Oklahoma 74136

2.4 Defendant **JEFFIE LADAWN SAMS** *("Defendant"* or **"Sams")** is an individual who resides in Tulsa, Oklahoma. Defendant **Sams** may be served at his last known residence located at:1516 E 67th Place Tulsa, OK 74136 or wherever he may be found. *Citation is requested.*

## III.     FACTS

3.1 On or about April 7, 2021, **PLAINTIFFS, Mr. Wilson** and **Mrs. Wilson**, suffered injuries, as a result of a motor vehicle collision. This collision occurred on northbound North Central Expressway near Belt Line Road in Richardson, Texas.

3.2 At all relevant times, **Mr. Wilson** operated his vehicle in a safe and reasonable manner. **Plaintiff Mr. Wilson** traveled in the HOV lane. Defendant Sams drove a vehicle for **Medical Ride.** Defendant Sams traveled in the left lane of northbound North Central Expressway. **Defendant Sams** suddenly and unexpectedly made an unsafe lane change attempting to change lanes into the HOV lane. This was both an improper lane change and an unsafe lane change as **PLAINTIFFS'** vehicle was approaching and this was not a designated area where a motorist could change lanes and/or merge into the HOV lane. **Defendant Sams** collided with **PLAINTIFFS'** vehicle. This collision caused **PLAINTIFFS'** vehicle to collide into the center median and then subsequently bounce off the median and back into the highway. Subsequent collisions ensued with other motorists who were also traveling northbound on North Central

Expressway including a motorist named Bradley Neal and a motorist named Tracy Hays. Ultimately, **PLAINTIFFS** vehicle rolled over before coming to a final rest in the middle of the freeway.

3.3 **PLAINTIFFS** suffered injuries as a result of this collision which were fairly severe. They sought medical treatment for these injuries. Defendants insurance carrier, **Texas Hospital Insurance,** refuses to fairly and reasonably compensate **PLAINTIFFS** for the damages they sustained as a result of the negligence of the **DEFENDANTS** and have forced Mr. and Mrs. Wilson to file this lawsuit.

## IV. JURISDICTION AND VENUE

4.1 The subject matter in controversy is within the jurisdictional limits of this court.

4.2 Venue in Dallas County is proper in this cause under the Texas Civil Practice and Remedies Code Section 15.002(1) because Dallas County is the location where the incident occurred.

## V. RESPONDEAT SUPERIOR

5.1 Plaintiffs Mr. Wilson and Mrs. Wilson plead the doctrine of respondent superior as to Defendant **Medical Ride**. At the time of the incident in question, the negligent driver was an employee or authorized agent of **Defendant Medical Ride**. At all relevant times herein, Defendant's employee, acted in the course and scope of his employment with Defendant **Medical Ride**. Accordingly, Defendant **Medical Ride** is responsible and liable for the actions of its employee.

## VI. CAUSES OF ACTION

### A. NEGLIGENCE ON DEFENDANT SAMS

6.1 **DEFENDANT** caused the motor vehicle Crash in question. These actions constitute negligence. **PLAINTIFF** sustained and suffered damages as a result of the negligence of **DEFENDANT.**

6.2 **DEFENDANT'S** negligent, careless or reckless disregard of duty includes, but is not limited to,

the following acts or omissions:

1. Failing to control his motor vehicle collision.
2. Making an unsafe lane change.
3. Driving while distracted.
4. Failure to take adequate evasive action.
5. Failing to timely apply brakes.
6. Failing to avoid colliding into the Plaintiff's vehicle.

### B. NEGLIGENCE PER SE ON DEFENDANT SAMS

6.3 Defendant **Sams** violated Texas law and specifically the Texas Transportation Code.

Defendant made an unsafe lane change. Defendant's actions constitute negligence per se.

6.4 **Sams** violated Section 545.060 of the Texas Transportation Code. Texas Transportation Code

Section 545.060 reads as follows:

Sec. 545.060. DRIVING ON ROADWAY LANED FOR TRAFFIC.
(a) *An operator on a roadway divided into two or more clearly marked lanes for traffic:*
  (1) shall drive as nearly as practical entirely within a single lane; and
  (2) *may not move from the lane unless that movement can be made safely.*
(b) If a roadway is divided into three lanes and provides for two-way movement of traffic, an operator on the roadway may not drive in the center lane except:
  (1) if passing another vehicle and the center lane is clear of traffic within a safe distance;
  (2) in preparing to make a left turn; or
  (3) where the center lane is designated by an official traffic-control device for movement in the direction in which the operator is moving.
  Without regard to the center of the roadway, an official traffic-control device may be erected directing slow-moving traffic to use a designated lane or designating lanes to be used by traffic moving in a particular direction.
(d) Official traffic-control devices prohibiting the changing of lanes on sections of roadway may be installed.

6.5 **Sams** violated Section 545.104of the Texas Transportation Code. Texas Transportation Code

Section 545.104 reads as follows:

Texas Transportation Code Section 545.104. Signaling Turns; Use of Turn Signals.

(a) *An operator shall use the signal authorized by Section 545.106 to indicate an intention to turn, change lanes, or start from a parked position.*

(b) An operator intending to turn a vehicle right or left shall signal continuously for not less than the last 100 feet of movement of the vehicle before the turn.

(c) An operator may not light the signals on only one side of the vehicle on a parked or disabled vehicle or use the signals as a courtesy or "do pass" signal to the operator of another vehicle approaching from the rear.

6.6    **Sams** also violated Section 545.351 of the Texas Transportation Code.  Texas Transportation

Code Section 545.351 reads as follows:

(a) *An operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing.*

(b) *An operator:*

 *(1) may not drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing; and*

*(2) shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with law and the duty of each person to use due care.*

(c) An operator shall, consistent with Subsections (a) and (b), drive at an appropriate reduced speed if:

   (1) the operator is approaching and crossing an intersection or railroad grade crossing;

   (2) the operator is approaching and going around a curve;

   (3) the operator is approaching a hill crest;

   (4) the operator is traveling on a narrow or winding roadway; and

   (5) a special hazard exists with regard to traffic, including pedestrians, or weather or highway conditions.

## VII. DAMAGES FOR PLAINTIFF

7.1    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff *Mr.*

*and Mrs. Wilson* suffered physical injuries and incurred the following damages:

1.    Reasonable and necessary health care expenses incurred in the past;
2.    Reasonable and necessary health care expenses, which in all reasonable probability, will be incurred in the future;
3.    Physical pain and suffering in the past;
4.    Physical pain and suffering which, in all reasonable probability, will be endured in the future;
5.    Mental anguish suffered in the past;
6.    Mental anguish which, in all reasonable probability, will be suffered in the future;
7.    Physical impairment suffered in the past;
8.    Physical impairment which, in all reasonable probability, will be suffered in the future;

Plaintiff's Original Petition

*Demarcus Wilson and Donesha Wilson vs. Medical Ride Transportation, LLC and Jeffie Ladawn Sams*

Page 5 of 6

9.      Loss of earnings capacity in the past;
10.     Loss of earning capacity that will reasonably be sustained in the future; and
11.     Property damages.

## **PRAYER**

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF** respectfully prays that upon a

final hearing of the cause, judgment be entered for the **PLAINTIFFS** against **DEFENDANTS** for damages

in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from

the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment

interest at the legal rate, costs of court; and such other and further relief to which Plaintiff may be

entitled at law or in equity.

Respectfully submitted,

THE LAW OFFICES OF JEREMY W. MCKEY, PLLC
5899 Preston Road, Suite 203
Frisco, Texas 75034
Telephone:     (214) 855-8788
Facsimile:     (888) 638-1552
Email:  eservicejmckeylawfirm@gmail.com

Craig W. Thomas
State Bar No. 24048047
April Nzechukwu
State Bar No. 24053353
Jeremy W. McKey
State Bar No. 24053353
**ATTORNEYS FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Aaron Morin on behalf of Jeremy McKey
Bar No. 24053353
Aaron@mckeylawfirm.com
Envelope ID: 65558987
Status as of 6/17/2022 3:30 PM CST

Associated Case Party: DEMARCUS WILSON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jeremy Mckey | | eservicejmckeylawfirm@gmail.com | 6/17/2022 2:59:19 PM | SENT |
| Craig Thomas | | Craig@mckeylawfirm.com | 6/17/2022 2:59:19 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Aaron Morin | | Aaron@mckeylawfirm.com | 6/17/2022 2:59:19 PM | SENT |

# THE STATE OF TEXAS
## CITATION

CAUSE NO. **CC-22-03199-E**
COUNTY COURT AT LAW NO. 5
Dallas County, Texas

TO:

**MEDICAL RIDE TRANSPORTATION, LLC**
**6625 S. UTICA PLACE**
**TULSA, OK 74136**

"You have been sued. You may employ an attorney. If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org." Your answer should be addressed to the clerk of County Court at Law No. 5 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas 75202.

**DEMARCUS WILSON; DONESHA WILSON**
*Plaintiff(s)*

VS.

**MEDICAL RIDE TRANSPORTATION, LLC; JEFFIE LADAWN SAMS**
*Defendant(s)*

Filed in said Court on the 17th day of June, 2022, a copy of which accompanies this citation.

**WITNESS: JOHN F. WARREN,** Clerk of the County Courts of Dallas County, Texas. GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 21st day of June, 2022 A.D.

JOHN F. WARREN, Dallas County Clerk

By _____, Deputy
     Momodou Bayo



---

## ATTORNEY
### CITATION
**PLAINTIFF'S ORIGINAL PETITION**
**CC-22-03199-E**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 5
Dallas County, Texas

DEMARCUS WILSON; DONESHA
WILSON, *Plaintiff(s)*

VS.

MEDICAL RIDE TRANSPORTATION,
LLC; JEFFIE LADAWN SAMS,
*Defendant(s)*

**SERVE:**
**MEDICAL RIDE TRANSPORTATION,**
**LLC**
**6625 S. UTICA PLACE**
**TULSA, OK 74136**

**ISSUED THIS**
**21ST DAY OF JUNE, 2022**

JOHN F. WARREN, COUNTY CLERK
BY: MOMODOU BAYO, DEPUTY

Attorney for Plaintiff
JEREMY W MCKEY
LAW OFFICE OF JEREMY W MCKEY
PLLC
5899 PRESTON ROAD, SUITE 203
FRISCO, TX 75034
214-855-8788

NO OFFICER'S FEES HAVE BEEN COLLECTED BY DALLAS COUNTY CLERK

# OFFICER'S RETURN

CC-22-03199-E   County Court at Law No. 5

DEMARCUS WILSON, DONESHA WILSON vs. MEDICAL RIDE TRANSPORTATION, LLC, JEFFIE LADAWN SAMS

**ADDRESS FOR SERVICE:**
6625 S UTICA PLACE
TULSA, OK  74136

**Fees:**

Came to hand on the _____ day of _____ , 20 _____ , at _____ o'clock _____ .m., and executed in _____ County, Texas by delivering to MEDICAL RIDE TRANSPORTATION, LLC in person, a true copy of this Citation together with the accompaning copy of the PLAINTIFF'S ORIGINAL PETITION with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| | | |
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

Serving Petition and Copy   $ _____

Total   $ _____

_____ , Officer
_____ , County, Texas
By: _____ , Deputy
_____ , Affiant

# THE STATE OF TEXAS
## CITATION

CAUSE NO. **CC-22-03199-E**
COUNTY COURT AT LAW NO. 5
Dallas County, Texas

TO:

**JEFFIE LADAWN SAMS**
**1516 E. 67TH PLACE**
**TULSA, OK 74136**

"You have been sued. You may employ an attorney. If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org." Your answer should be addressed to the clerk of County Court at Law No. 5 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas 75202.

**DEMARCUS WILSON; DONESHA WILSON**
*Plaintiff(s)*

VS.

**MEDICAL RIDE TRANSPORTATION, LLC; JEFFIE LADAWN SAMS**
*Defendant(s)*

Filed in said Court on the 17th day of June, 2022, a copy of which accompanies this citation.

**WITNESS: JOHN F. WARREN,** Clerk of the County Courts of Dallas County, Texas. GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 21st day of June, 2022 A.D.

JOHN F. WARREN, Dallas County Clerk

By _____ , Deputy
    Momodou Bayo



---

## CITATION
## PLAINTIFF'S ORIGINAL PETITION

### CC-22-03199-E

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 5
Dallas County, Texas

DEMARCUS WILSON; DONESHA
WILSON, *Plaintiff(s)*

**VS.**

MEDICAL RIDE TRANSPORTATION,
LLC; JEFFIE LADAWN SAMS,
*Defendant(s)*

**SERVE:**
**JEFFIE LADAWN SAMS**
**1516 E. 67TH PLACE**
**TULSA, OK 74136**

**ISSUED THIS**
**21ST DAY OF JUNE, 2022**

JOHN F. WARREN, COUNTY CLERK
BY: MOMODOU BAYO, DEPUTY

Attorney for Plaintiff
JEREMY W MCKEY
LAW OFFICE OF JEREMY W MCKEY
PLLC
5899 PRESTON ROAD, SUITE 203
FRISCO, TX 75034
214-855-8788

NO OFFICER'S FEES HAVE BEEN COLLECTED BY DALLAS COUNTY CLERK

# OFFICER'S RETURN

CC-22-03199-E   County Court at Law No. 5

DEMARCUS WILSON, DONESHA WILSON vs. MEDICAL RIDE TRANSPORTATION, LLC, JEFFIE LADAWN SAMS

**ADDRESS FOR SERVICE:**
1516 E. 67TH PLACE
TULSA, OK 74136

**Fees:**

Came to hand on the _____ day of _____, 20 _____, at _____ o'clock _____.m., and executed in _____ County, Texas by delivering to JEFFIE LADAWN SAMS in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION with the date and service at the following times and places to-wit:

| **Name** | **Date/Time** | **Place, Course and Distance from Courthouse** |
|---|---|---|
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

and the cause or failure to execute this process is:

and the information received as to the whereabouts of said defendant(s) being:

Serving Petition and Copy    $ _____

Total    $ _____

_____, Officer

_____, County, Texas

By: _____, Deputy

_____, Affiant



**JUDGE JUAN RENTERIA**
**COUNTY COURT AT LAW NO. 5**
**GEORGE L ALLEN, SR. COURTS BUILDING**
**600 COMMERCE STREET, 5th FLOOR**
**DALLAS, TEXAS  75202-5792**
**214-653-6503**

Chambers of Juan Renteria                                              June 30, 2022

JEREMY W MCKEY
LAW OFFICE OF JEREMY W MCKEY PLLC
5899 PRESTON ROAD SUITE 203
FRISCO TX  75034

Re:      Cause No          CC-22-03199-E

        Cause Style:    DEMARCUS WILSON, DONESHA WILSON vs. MEDICAL RIDE
TRANSPORTATION, LLC, JEFFIE LADAWN SAMS

Dear Attorney:

The above case is set for dismissal, pursuant to Rule 165A, Texas Rule of Civil Procedure,
on: October 03, 2022 **at  9:00 a.m.**

If no answer has been filed, or if the answer filed is insufficient as a matter of law to place any of the facts
alleged in your petition in issue, you will be expected to have moved for, and to have  had heard, a summary
judgment or to have proved up a default judgment on or prior to that date.  Your failure to have done so will
result in the dismissal of the case on the above date.

If an answer has been filed that is sufficient to create a fact issue that prevents disposition of the entire case, or
if you have been unable to obtain service of process, you should plan to notify the court to obtain a reset of the
dismissal date or a trial setting as appropriate.

In no event will live witnesses be required unless the default prove-up is for an un-liquidated claim.
Liquidated claims and attorneys fees may be proved up by affidavit with a form of judgment.

If you should have any questions, please feel free to call us.

Very Truly Yours,

Judge Juan Renteria
County Court at Law No. 5
Dallas County, Texas

*IF A *JURY DEMAND* IS REQUESTED, IT MUST BE MADE IN WRITING AND SUBMITED WITH **$22.OO** FOR THE JURY
 FEES TO: MR. JOHN WARREN, DALLAS COUNTY CLERK, 600 COMMERCE, #101, DALLAS, TEXAS 75202*

FILED
7/18/2022 9:30 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

### CAUSE NO. CC-22-03199-E

| | | |
|---|---|---|
| DEMARCUS WILSON AND DONESHA WILSON | §<br>§<br>§ | IN THE COUNTY COURT |
| *Plaintiffs,* | §<br>§ | |
| v. | §<br>§ | AT LAW NO. 5 |
| MEDICAL RIDE TRANSPORTATION, LLC AND JEFFIE LADAWN SAMS | §<br>§<br>§ | |
| *Defendants.* | §<br>§ | DALLAS COUNTY, TEXAS |

## DEFENDANT MEDICAL RIDE TRANSPORTATION, LLC'S ORIGINAL ANSWER, AND REQUEST FOR DISCLOSURES

**NOW COMES** Defendant Medical Ride Transportation, LLC and serves its Original Answer, and Request for Disclosures to Plaintiff's Original Petition, and in support of which would respectfully show unto the Court the following:

### I. General Denial

a.    As allowed by the Texas Rules of Civil Procedure, Defendants deny each and every, all and singular, the material allegations contained in Plaintiff's Original Petition and all amendments and/or supplements thereto and demands strict proof thereof under the laws of the State of Texas. By this general denial, Defendants would require Plaintiff to prove every fact to support the claims in the Original Petition, and any amendments and supplements thereto, by a preponderance of the evidence.

### II. Affirmative Defenses

a.    Recovery of medical or health care expenses incurred is limited to the amount actually paid as opposed to the amount that has been billed. TEX. CIV. PRAC. & REM. CODE §41.0105; Mills v. Fletcher, 229 S.W.3d 765 (Tex. App.--San Antonio 2007, no pet.).

b.    Defendant would show that any injuries, damages, disability, or disabilities complained of by Plaintiffs herein are the result, in whole or in part, of pre-existing conditions and are not the result of any act or omission on the part of this Defendant.

c.    Defendant would show that any injuries, damages, disability, or disabilities complained of by Plaintiffs herein are the result, in whole or in part, of subsequent conditions and are not the result of any act or omission on the part of this Defendant.

d.    Defendant further alleges that Plaintiffs' claims for prejudgment interest are barred by TEX. FIN. CODE ANN. §304.1045.

e.     Defendant further alleges that Plaintiffs' claims for post-judgment interest are limited by TEX. FIN. CODE ANN. §304.003(c).

f.     Defendant denies all claims and allegations of negligence per se.

## II. <u>Request for Disclosures</u>

a.     Pursuant to Texas Rules of Civil Procedure 194, Defendant requests that Plaintiff disclose within thirty (30) days of the service of this request, the information or material described in Rule 194.2. The statutory requests for disclosure to Plaintiff as enumerated by Texas Rule of Civil Procedure 194.2(b) (1)-(12), inclusive, are hereby incorporated as if fully set forth herein.

## III. <u>Jury Demand</u>

Defendant respectfully requests that this cause of action be placed upon the Jury Docket of this Court, and has verified that the required jury fee has been paid in this cause. This request is not and should not be construed as a request for a specific setting.

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays judgment of the Court that Plaintiff take nothing by this suit, for costs, and for such other and further relief, at law or in equity, to which Defendant may show itself to be justly entitled.

Respectfully submitted,

STEWART WIEGAND & OWENS PC

By: _____

**G. MICHAEL STEWART**
State Bar No. 00788471
Michael.Stewart@SWOLegal.com
**ROBERT T. DRY III**
State Bar No. 24050531
Bob.Dry@SWOLegal.com

Republic Center
325 N. St. Paul Street, Suite 3750
Dallas, Texas 75201
469.899.9800 – Telephone
469.899.9810 – Facsimile

**ATTORNEYS FOR DEFENDANT
MEDICAL RIDE TRANSPORTATION, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon all known counsel of record pursuant to the Texas Rules of Civil Procedure on this 18th day of July 2022.

STEWART WIEGAND & OWENS PC

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jennifer Moore on behalf of G. Michael Stewart
Bar No. 788471
jmoore@swolegal.com
Envelope ID: 66396479
Status as of 7/18/2022 3:04 PM CST
Associated Case Party: MEDICAL RIDE TRANSPORTATION, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| JEREMY MCKEY | | eservicejmckeylawfirm@gmail.com | 7/18/2022 9:30:06 AM | SENT |
| Robert T.Dry, III | | Bob.Dry@SWOLegal.com | 7/18/2022 9:30:06 AM | SENT |
| Jennifer Moore | | jmoore@swolegal.com | 7/18/2022 9:30:06 AM | SENT |
| Michael Stewart | | Michael.Stewart@SWOLegal.com | 7/18/2022 9:30:06 AM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jennifer Moore on behalf of G. Michael Stewart
Bar No. 788471
jmoore@swolegal.com
Envelope ID: 66396479
Status as of 7/18/2022 3:04 PM CST
Associated Case Party: DEMARCUS WILSON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jeremy Mckey | | eservicejmckeylawfirm@gmail.com | 7/18/2022 9:30:06 AM | SENT |
| Craig Thomas | | Craig@mckeylawfirm.com | 7/18/2022 9:30:06 AM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jennifer Moore on behalf of G. Michael Stewart
Bar No. 788471
jmoore@swolegal.com
Envelope ID: 66396479
Status as of 7/18/2022 3:04 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Aaron Morin | | Aaron@mckeylawfirm.com | 7/18/2022 9:30:06 AM | SENT |